# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

THOMAS R. RODELLA,

    Movant,

v.                                                                                  No. CV 19-275 JB/CG
                                                                                  No. CR 14-2783 JB

UNITED STATES OF AMERICA,

    Respondent.

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on Movant Thomas R. Rodella's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (the "Motion"), (CV Doc. 1; CR Doc. 242), filed March 25, 2019, and Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts. It appears on the face of the Motion that it was not filed within one year as required by 28 U.S.C. § 2255(f). Therefore, the Court will order Movant to show cause why the Motion should not be dismissed as untimely.

    Section 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

> made retroactively applicable to cases on collateral
> review; or
> (4) the date on which the facts supporting the claim or
> claims presented could have been discovered through
> the exercise of due diligence.

Movant was sentenced and judgment was entered on February 6, 2015. (CR Doc. 192). An Amended Judgment and a Second Amended Judgment were entered on February 9 and February 18, 2015. (CR Doc. 198, 206). Movant filed a Notice of Appeal on February 6, 2015. (CR Doc. 194). The United States Court of Appeals for the Tenth Circuit affirmed the conviction and sentence in an Opinion entered November 4, 2015. (CR Doc. 232-1 and 232-2). The Tenth Circuit's Mandate issued December 22, 2015. (CR Doc. 232). Movant petitioned the U.S. Supreme Court for a writ of certiorari and his Petition was denied by the Supreme Court on October 3, 2016. (CR Doc. 239). Therefore, Movant's judgment of conviction became final on October 3, 2016, and his Motion filed March 25, 2019, appears to be untimely. *Clay v. United States*, 537 U.S. 522, 524 (2003).

Movant's Motion under 28 U.S.C. § 2255 was not filed until March 25, 2019, more than two years after the judgment became final. Unless there is a basis for the limitations period to run from a different date or for tolling of the time period, Movant's Motion is untimely under 28 U.S.C. § 2255(f)(1). Therefore, the Court will order Movant to show cause why his Motion should not be dismissed as untimely. In his response to this Order, Movant shall identify any basis he claims for timeliness of his Motion under § 2255(f), including any basis for equitable tolling, and shall set out the facts supporting such a basis. To be entitled to equitable tolling, a movant must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

in his way and prevented timely filing. *Lawrence v. Florida,* 549 U.S. 327, 336 (2007); *Yang. v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). If Movant contends the statute of limitations should be tolled based on actual innocence, he must support his claim with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," and show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324 and 327 (1995). If Movant fails to show cause **by May 22, 2019**, the Court may dismiss his Motion as untimely without further notice.

**IT IS THEREFORE ORDERED** that, **by May 22, 2019**, Movant shall show cause why his *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, (CV Doc. 1; CR Doc. 242), should not be dismissed as untimely under 28 U.S.C. § 2255(f).

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE